UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DARRON RAMPEY,** | ) | **CASE NO. 5:07CV152** |
| | ) | |
| Petitioner, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **JULIUS WILSON,** | ) | |
| | ) | **(HABEAS CORPUS)** |
| Respondent. | ) | |

This Memorandum Opinion and Order arises out of objections (Doc. No. 12) filed by Petitioner Darron Rampey ("Rampey") to the Report and Recommendation of Magistrate Judge William Baughman, Jr., dismissing in part and denying in part Rampey's petition for writ of habeas corpus (Doc. No. 10). For the reasons that follow, the Court **ACCEPTS** the Report and Recommendation and **DISMISSES IN PART** and **DENIES IN PART** Rampey's petition for writ of habeas corpus.

## I. FACTUAL AND PROCEDURAL HISTORY

The underlying facts of Rampey's convictions, as found by the Ohio Court of Appeals, Fifth District, are as follows:

> On March 28, 2003, Darnell Holmes, a confidential informant, told the police that he had set up a cocaine purchase from Rampey later that day at a VFW in Canton, Ohio. Holmes made a monitored phone call to Rampey to say that he was ready to meet. He gave the police Rampey's name, described his vehicle, gave the vehicle's license plate number, told them the amount of cocaine being sold, where the cocaine would be in Rampey's truck, and how that cocaine would be packaged.
> About fifteen minutes after the phone call, police officers saw Rampey approach the VFW in a vehicle matching Holmes's description. They arrested Rampey after he exited the vehicle. An officer then climbed into Rampey's truck and found the packages of crack cocaine where Holmes said they would be, wrapped in the manner he described.
> Rampey was subsequently indicted on two counts of drug possession. On June 17, 2003, Rampey moved to suppress the cocaine found in his vehicle, arguing that both his warrantless search and the warrantless search of his vehicle were illegal. After a hearing, the trial court denied that motion on June 22, 2003.
> The matter then proceeded to a jury trial. During the course of that trial, the State played a tape of Holmes's phone conversation with Rampey over Rampey's objection. At

the conclusion of the trial, the jury found Rampey guilty of both counts and the trial court sentenced him accordingly.

(R. 77-78.)[1] Rampey was sentenced to eight years for possession of cocaine and received a $10,000 fine. (R. 15.)

Represented by different counsel than at trial, Rampey appealed his conviction, raising three assignments of error:

(1) The trial court abused its discretion by failing to suppress evidence seized in violation of the Ohio and United States Constitutions;

(2) Appellant's conviction is against the manifest weight and sufficiency of the evidence; and

(3) The trial court abused its discretion in admitting a tape recorded statement of a phone conversation without requiring the proper foundation for voice identification.

(R. 78.) After the State filed a brief in opposition (R. 45-75), the Ohio Court of Appeals, Fifth District overruled each assignment of error and affirmed the conviction and sentence. (R. 92-93.)

Representing himself *pro se*, Rampey then timely filed a notice of appeal with the Ohio Supreme Court (R. 92-93), offering the following four propositions of law:

(1) Appellant was deprived of his protected federal Constitutional rights to due process of law and fundamental fairness when the trial court, and in abusing its discretion [sic], failed to suppress evidence seized in violation for the Fourth Amendment to the United States Constitution;

(2) Appellant was deprived of his constitutional rights to due process of law and fundamental fairness where his conviction was/is against the manifest weight of the evidence;

(3) The Admission of an improperly admitted telephone conversation, in the absence of a proper foundation, violated appellant's right to a fair trial and to due process of law; and

(4) Appellant was deprived of his Sixth Amendment right to effective assistance of counsel "on appeal" as defined in *State v. Murnahan*.

(R. 95-96.) The Ohio Supreme Court dismissed the appeal as not involving a substantial constitutional question. (R. 148.)

---

[1] All references to the Record in this case are based on the record provided by Defendant Julius Wilson in his Return of Writ. (Doc. No. 7.)

Approximately six months after his appeal was dismissed by the Ohio Supreme Court, Rampey, again *pro se*, filed the present petition for federal habeas relief, asserting the following four grounds for relief:

(1) Conviction obtained in violation of the fourth [sic] Amendment prohibition against illegal searches and seizures;

(2) Conviction obtained in violation of the Federal Constitution's Sixth Amendment (fundamental fairness) and Fourteenth Amendment due process clause where the conviction is against the manifest weight and sufficiency of the credible and admissible evidence, thereby resulting in a trial and conviction that was/is fundamentally unfair;

(3) Conviction obtained in violation of the Sixth and Fourteenth Amendments to the United States Constitution where the "clearly erroneous and improper" admission of a tape recorded telephone conversation, offered and admitted in the patent absence of a proper foundation, inherently implicated petitioner's right to a fundamentally fair trial and due process of law; and

(4) Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel on appeal as of right as defined and prescribed in and under *State v. Murnahan* and *Strickland v. Washington* where appellate counsel forwent obviously plain errors and clearly obvious and erroneous penalty phase errors in lieu of pursuing limited and arguably weaker ones, the effect of which implicated petitioner's right to the effective assistance of counsel.

(Doc. No. 1 at 11-21.) The State objected to each of Rampey's grounds for relief, arguing that some are not cognizable in a federal district court and that others are procedurally defaulted or without merit. (Doc. No. 7.) Rampey responded with a timely traverse. (Doc. No. 8.)

On December 22, 2008, the Magistrate Judge issued a Report and Recommendation dismissing in part and denying in part Rampey's petition. (Doc. No. 10.) Rampey filed a motion for extension of time until January 16, 2009, to file objections, which this Court granted. (Doc. No. 11; Order of 1/07/2009.) On January 15, 2009, Rampey filed a somewhat haphazard objection contesting some of the Magistrate Judge's reasoning. (Doc. No. 12.) The case is now ripe for this Court's review.

**II. LAW AND ANALYSIS**

**A. First ground for relief: Conviction obtained in violation of Fourth Amendment**

Rampey argues that the trial court and the Fifth District impermissibly held the search of Rampey's truck and the seizure of the crack cocaine therein were not in violation of the Fourth Amendment's prohibition of unreasonable searches and seizures. However, "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the grounds that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). To determine whether a petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, a federal habeas court must (1) establish whether the State has provided a procedural mechanism which, in the abstract, presents an opportunity to raise a Fourth Amendment claim, and (2) if so, decide whether the petitioner's presentation of his claim was in fact frustrated because of a failure of that mechanism. *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (*citing Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

In this case, Ohio allows a criminal defendant to offer Fourth Amendment claims in both a pre-trial motion to suppress, Ohio R. Crim. P. 12, and in a direct appeal from a denial of that motion, Ohio R. App. P. 3, 5. Rampey used both procedural mechanisms and has failed to show that presentation of his claim was in fact frustrated because of a failure of either of those mechanisms. Indeed, Rampey's Fourth Amendment claims were carefully considered and adjudicated in both the trial court and the Fifth District. Thus, Rampey's Fourth Amendment claim is not cognizable in this Court.

Rampey offers a single objection to the Magistrate Judge's Report and Recommendation, namely, that the Magistrate Judge "did [not] make any finding in relations

4

[sic] to petitioner's allegations that he suffered such constitutional infringement on the basis of the 'inventory search.' In the absence of such assessment, the magistrate's report and recommendation is fatally incomplete and should therefore be rejected in its entirety." (Objections at 3 fn.) As a preliminary matter, an "inventory search" is a search of a person before he is booked into jail, or the search of an arrestee's impounded vehicle in order to list everything it contains. Black's Law Dictionary (8th Ed. 2004). Rampey has never complained of an "inventory search" in his direct appeals or his habeas petition. Presuming that Rampey used this term as shorthand for the search of his vehicle, the Magistrate Judge did not make findings relating to his Fourth Amendment claim because it is not cognizable in this Court, as noted above. The Magistrate Judge's Report and Recommendation is not "fatally incomplete" for failing to needlessly address the merits of Rampey's Fourth Amendment issue.

Accordingly, Rampey's objection is OVERRULED and his first ground for relief is DISMISSED.

**B. Second ground for relief: Conviction was against the manifest weight of the evidence and the sufficiency of the evidence**

Rampey contends that his conviction was against both the manifest weight of the evidence and the sufficiency of the evidence. The Court finds that the former is not cognizable in this Court and that the latter is meritless.

### 1. Manifest weight of the evidence

A federal court may only issue a writ of habeas corpus on behalf of a person in custody pursuant to the decision of a state court if his custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Thus, "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

5

A manifest weight of the evidence claim is such a state law error that is not cognizable in this Court. Under Ohio law, "weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. [. . .]' When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Thompkins*, 678 N.E.2d 541, 546-47 (Ohio 1997) (citations omitted; emphasis in original). A federal habeas court, however, may not "reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court" because, in habeas proceedings, "[i]t is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citations omitted). Rampey's manifest weight of the evidence claim asks this Court to either (1) assume authority it does not have, or (2) issue a writ on the grounds that the Ohio state courts erred in applying Ohio state law. Neither is permissible, and accordingly Rampey's second ground for relief, with respect to his manifest weight of the evidence claim, is DISMISSED.

**2.  Sufficiency of the evidence**

The Due Process Clause does not permit a state to convict a person of a crime without proving all of the elements of the offense beyond a reasonable doubt. *Fiore v. White*, 531 U.S. 225, 228-28 (2001). To determine whether a conviction was against the sufficiency of the evidence, a habeas court must examine the elements of a crime the state was required to prove and then determine whether those elements proved were proved at trial in compliance with due process. *Ducic v. Moore*, 2008 WL 2783492, at *6 (N.D. Ohio July 17, 2008). A federal court may find the evidence insufficient to support a conviction only if, after viewing the evidence and

reasonable inferences to be drawn therefrom in a light most favorable to the prosecution, no rational trier of fact could have found each element of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Matthews*, 319 F.3d at 788. As noted earlier, a federal habeas court may not weigh the evidence or re-determine credibility of witnesses, as those responsibilities are solely for the trier of fact. *Matthews*, 319 F.3d at 788; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

The Fifth District denied Rampey's sufficiency of evidence claim under the standard set forth in *State v. Jenks*, 574 N.E.2d 492 (1991), *superseded on other grounds by state constitutional amendment, as stated in State v. Smith*, 684 N.E.2d 668, 683-84 & n.4 (Ohio 1997). *Jenks* set forth the same standard of review for sufficiency of the evidence claims as that of the U.S. Supreme Court and the Sixth Circuit; indeed, *Jenks* even cited *Jackson v. Virginia* for the standard. *Jenks*, 574 N.E.2d at Syllabus ¶ 2, 503. Since *Jenks* correctly states clearly established federal law with respect to a sufficiency of the evidence claim, it is clear that the Fifth District employed the correct standard of review.

Further, the Fifth District exhaustively outlined Ohio law with respect to what constitutes "knowing possession" as used in O.R.C. § 2925.11(A), the statute under which Rampey was convicted. (R. 85-86.) Specifically, the Fifth District noted that under Ohio Revised Code, a person acts "knowingly" "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." (R. 85.) The Fifth District further cited Ohio case law stating that whether one "knowingly" acted can be inferred from the surrounding facts and circumstances. (*Id.*)

The Fifth District then reviewed in detail the State's evidence at trial to support Rampey's conviction. (R. 86-90.) The Fifth District cited the testimony of Detective Lancaster, who testified that information provided by informant Holmes had proven reliable and "very accurate" over seven or eight months prior to Rampey's case. (R. 86-87.) Detective Lancaster further testified that Holmes had provided highly specific information about a drug buy involving Rampey that was set up on tape, including the amount of cocaine involved; the pickup location; the type, color, and license number of Rampey's truck; and the packaging and storing of the cocaine in Rampey's truck. (R. 87.) The State then called informant Holmes to testify, and he confirmed Detective Lancaster's testimony. (*Id.*) He also testified that Rampey had sold him drugs on prior occasions, that he recognized Rampey's voice during the phone call arranging the drug purchase, and that he could positively identify Rampey's voice on the audio tape discussing the transaction. (R. 87-88.) Holmes specifically stated that he was not in Rampey's truck the night before and had never placed drugs in the truck.[2] (R. 88.) Finally, the State offered testimony from the two Canton police officers who arrested Rampey, who stated that the drugs were found in Rampey's truck exactly where Holmes said they would be, packaged and stored in the exact same manner as described by Holmes. (R. 88-89.)

The Fifth District concluded that the evidence, viewed in a light most favorable to the prosecution, was "clearly sufficient to prove that Rampey knowingly possessed the cocaine [. . .], [that] Rampey had previously sold cocaine to Holmes at the VFW, [that] he had arranged to sell more drugs to Holmes that night, [that] cocaine was found in plain sight in his truck after he was arrested getting out of his truck, and [that] the cocaine was packaged in a manner typical

---

[2] Rampey has contended since his trial that Holmes planted the cocaine in his truck the day before. In his traverse, Rampey asserts that Holmes "was less than credible, had access to the vehicle the night before, was familiar with the drug trade and had sufficient motive to set the petitioner up as a drug dealer [. . .]." (Traverse at 19.) Rampey's assertion is an attack on Holmes's credibility, which is not cognizable as a challenge to the sufficiency of the evidence. *Matthews*, 319 F.3d at 788; *Martin*, 280 F.3d at 618.

in the illegal drug industry." (R. 89.) This Court must now review the Fifth District's findings of fact and determination that the evidence was sufficient to support a guilty verdict.

Where a petitioner is held in custody pursuant to a judgment of a state court, a habeas court must presume the correctness of any adjudication on the merits in state court proceedings unless the adjudication (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Examining the Fifth District's decision, this Court cannot find an unreasonable application of the standard enumerated in *Jackson v. Virginia*, nor an unreasonable determination of the facts in light of the evidence presented at trial. Accordingly, Rampey's second ground for relief, as applied to his sufficiency of the evidence claim, is DENIED.

**C. Third ground for relief: "Clearly erroneous and improper" admission of a tape recorded telephone conversation resulted in a conviction violating the Sixth and Fourteenth Amendment**

Rampey argues that the audio tape recording of the telephone conversation wherein he and Holmes negotiated a drug buy was improperly admitted at his trial, and thus his conviction is in violation of the Sixth and Fourteenth Amendments. Rampey's ground for relief must be denied, however, because he failed to fairly present it to the Ohio appellate courts.

A federal judge may not issue a writ of habeas corpus if an independent and adequate state ground justifies the prisoner's detention. *Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977). One such independent and adequate state ground is a lack of "fair presentation" of a claim for relief to the state law courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The habeas petitioner must "give state courts a full

opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Importantly, fair presentation "requires that '*the same claim under the same theory* be presented' for the state court's consideration." *Id.* (emphasis added; citation omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson*, 459 U.S. at 6; *see also Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001).

In his merits brief to the Fifth District, Rampey solely argued that the admission of the tape recording violated Ohio Rule of Evidence 901 because the State did not lay a proper foundation for admission. (R. 40-41.) Rampey never raised a claim of constitutional error, nor cited any authority that might indicate a constitutional claim. (R. 40-41.) Rampey has failed to fairly present his constitutional argument in "one complete round" of the Ohio appellate review system, and thus he has procedurally defaulted that claim.

When a petitioner procedurally defaults a ground for relief, it cannot be considered by a district court unless he shows: (1) "cause" and "prejudice" to excuse the failure to present his ground to the state's highest court, or (2) that a fundamental miscarriage of justice would result in the conviction of an actually innocent person. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To show "cause," a petitioner must show the existence of an objective factor external to him that precluded him from fairly presenting his claim while state remedies were available. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). "Prejudice" requires a showing that the alleged constitutional error worked to the petitioner's actual and substantive disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982). Rampey has not offered any evidence tending to show actual innocence or either cause or prejudice in any of his filings to this Court.

Therefore, Rampey has not shown grounds to excuse his procedural default, and his third ground for relief is accordingly DENIED.

**D. Fourth ground for relief: Ineffective assistance of counsel**

In his final ground for relief, Rampey argues that his appellate counsel was ineffective because he:

(1) failed to challenge Rampey's non-minimum sentence pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004);

(2) failed to challenge the trial court's imposition of a fine in light of Rampey's alleged status as an indigent;

(3) failed to raise the issue that the State knowingly used false testimony when it called informant Holmes as a witness; and

(4) failed to argue that Rampey was subjected to malicious prosecution, since the intent of the trial was allegedly only to pressure Rampey into being an informant.

(Doc. No. 1 at 22.) Each point will be considered below.

**1. Failure to challenge Rampey's non-minimum sentence pursuant to *Blakely***

Under O.R.C. § 2929.14(B), which governed Rampey's sentencing, a trial court had to impose the "shortest prison term authorized for [an] offense" unless the offender previously had served a prison term, or the trial court found that the minimum sentence would demean the seriousness of the offender's conduct or not adequately protect the public. O.R.C. § 2929.14(B). The trial court did not have to articulate reasons in support of either finding, but simply had to acknowledge it at sentencing. *Ohio v. Edmonson*, 715 N.E.2d 131, 133 (Ohio 1999). At Rampey's sentencing, the trial judge found "that the shortest prison term will demean the seriousness of defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the defendant or others" and accordingly sentenced Rampey to eight years in prison for his first-degree felonious possession of cocaine under O.R.C. 2925.11.

11

(R. 15.) The record does not show that Rampey had a prior conviction. Since a first-degree felony is punishable by three to ten years in prison, Rampey would have received a three-year sentence had he received the minimum sentence.

Rampey argues that his appellate counsel was ineffective because he failed to argue that, under *Blakely v. Washington*, 542 U.S. 296 (2004), his sentence violated the Sixth Amendment. More specifically, Rampey suggests that his counsel should have argued that the trial judge improperly considered facts—namely, that a minimum sentence would demean the seriousness of his offense and would fail to protect the public—in order to impose a sentence higher than the statutory maximum of three years' imprisonment. In *Blakely*, the Supreme Court struck down a Washington sentencing statute that permitted a judge to impose a sentence beyond the statutory maximum upon its own finding of certain facts. *Id.* at 301. The "statutory maximum" is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 303 (emphasis in original).

On January 27, 2006, in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), the Ohio Supreme Court resolved the constitutionality of Ohio's sentencing scheme in light of *Blakely*. In that case, the court found that several Ohio statutory provisions—including O.R.C. § 2929.14(B)—violated *Blakely* because they required sentencing judges to make findings before imposing a sentence beyond that presumed solely by a jury verdict. *Id.* at 490. As a remedy, the court excised all provisions that it found contained language violating *Blakely*. *Id.* at 496. In accordance with this "severance" remedy, O.R.C. § 2929.14(B) was completely eliminated. *Id.* at 497. Thus, after *Foster*, Ohio "sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings." *Shafer v. Wilson*, 2007 WL 315760, at *11 (N.D. Ohio Jan. 30, 2007).

Rampey contends that his counsel was ineffective for failing to raise a claim that, under *Blakely* and *Foster*, he was entitled to the minimum sentence on his cocaine possession conviction. To determine whether counsel was ineffective, "the proper standard [. . .] is that of reasonably effective assistance [. . .] viewed as of the time of counsel's conduct" and considered "in light of all the circumstances." *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984). Furthermore,

> [j]udicial scrutiny of counsel's performance must be highly deferential. [. . .] Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome *the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'*

*Id.* at 689 (citation omitted; emphasis added). The standard for determining ineffective assistance of appellate counsel is the same as for ineffective assistance of trial counsel. *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986). In order to show ineffective assistance of counsel, a petitioner must show: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; *Beuke v. Houk*, 537 F.3d 618, 642 (6th Cir. 2008). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of ineffective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citation omitted).

This Court finds that Rampey's appellate counsel was not ineffective. First, at the time of Rampey's appeal, there is no indication that Rampey's *Blakely* argument was "clearly stronger" than the issues actually raised. As the Ohio Supreme Court noted in *Foster*, prior to February 27, 2006, only three district courts had applied *Blakely* to some aspect of Ohio's sentencing scheme, but most Ohio appellate courts—including the Fifth District—determined that *Blakely* was inapplicable. *Foster*, 845 N.E.2d at 487-88. Thus, the state of the law at the time

13

of Rampey's appeal indicated that a *Blakely* challenge to his sentence was a clearly losing argument in the Fifth District. Counsel has no duty to raise every possible claim, especially those that appear to be losing arguments. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Indeed, "the process of 'winnowing out weaker arguments on appeal and focusing on those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'" *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52).

Moreover, Rampey's counsel could have reasonably determined that even if a *Blakely* claim was resolved favorably, it should not be pursued because it subjected Rampey to a potentially harsher sentence on remand. The *Foster* court noted that, in the wake of *Blakely*, states had rendered their sentencing schemes *Blakely*-compliant in three main ways, one of which was severance—the remedy ultimately adopted in *Foster*. Severance would eliminate all judicial factfinding, and instead would give trial judges unfettered discretion to sentence a defendant so long as the sentence was within the statutory range. *See Foster*, 845 N.E.2d at 498. This would allow the trial judge, on remand, to sentence Rampey to an even higher sentence without *any* justification. Since severance was a realistic possibility even if a *Blakely* argument succeeded on appeal, Rampey's counsel could have reasoned that a *Blakely* argument was, at best, a Pyrrhic victory that could ultimately cause greater harm to his client.

Finally, Rampey's *Blakely* argument is meritless, and thus his counsel was not required to raise it. *See Jones*, 463 U.S. at 751-53. *Foster* applied retroactively to any case pending on the date it was decided, including cases still on direct appeal, *Foster*, 845 N.E.2d at 499; this included Rampey's case.[3] Since, under *Foster*, Rampey's sentence was consistent with *Blakely* because it was within the statutory range of three to ten years, any challenge to his

---

[3] The Fifth District affirmed Rampey's sentence on March 6, 2006, and the Ohio Supreme Court did not dismiss Rampey's appeal until July 5, 2006. *Foster* was decided on February 27, 2006.

14

sentence would fail. Indeed, Rampey's requested remedy—that he receive only the minimum sentence—was specifically rejected in *Foster*. *Foster*, 845 N.E.2d at 495.[4] Thus, Rampey's counsel was not ineffective for failing to raise *Blakely*.

Rampey offers two objections to the Report and Recommendation's denial of his ineffective assistance claim:

(1) Because his sentence was in violation of *Blakely*, it is void, and thus resentencing is required (Objections at 4-6); and

(2) Appellate counsel was obligated to raise a constitutional challenge where Rampey's sentence violated the Sixth Amendment (Objections at 6.)

The former objection is not cognizable because Rampey has not raised a *Blakely* claim on the merits—his habeas petition argues only that his counsel was ineffective for failing to raise *Blakely*. Even if Rampey's sentence truly is "void," he has not raised this issue in his habeas petition, and thus this Court need not consider it. The latter objection, meanwhile, has been addressed above. Accordingly, Rampey's objections are OVERRULED and his fourth ground for relief based on his counsel's failure to raise a *Blakely* argument is DENIED.

**2. Failure to challenge imposition of a fine in light of Rampey's alleged indigency**

Rampey argues that his counsel should have challenged the imposition of a fine at his sentencing on the grounds that he is indigent. However, Rampey did not file an affidavit of indigency with the trial court prior to sentencing. (Doc. No. 7 at 27.) Since Ohio appellate courts

---

[4] Insofar as Rampey argues that applying *Foster* to his circumstances would violate due process and prohibitions against *ex post facto* laws, this Court has already declared this argument to be legally incorrect at least three times in the past year. *Watkins v. Williams*, 2008 WL 2484188 (N.D. Ohio June 17, 2008); *Lyles v. Jeffreys*, 2008 WL 1886077 (N.D. Ohio April 24, 2008); *McGhee v. Koneth*, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008). Additionally, the Court notes that the *Foster* remedy very closely tracked that of *United States v. Booker*, 543 U.S. 220 (2005). *See Foster*, 845 N.E.2d at 496-99 (discussing *Booker* and fashioning remedy based on the *Booker* decision). The Sixth Circuit has repeatedly held that *Booker*'s remedy does not create an *ex post facto* or similar due process argument upon re-sentencing. *United States v. Hill*, 209 F. App'x 467, 468 (6th Cir. 2006); *United States v. Barton*, 455 F.3d 649, 652-57 (6th Cir. 2006); *United States v. Shepherd*, 453 F.3d 702, 705-06 (6th Cir. 2006). The Court does not see the need to repeat the reasoning of these cases here. What the cases make clear, however, is that the suggestion that *Foster* violates due process or constitutes an unconstitutional *ex post facto* law is flatly wrong, and it would have been pointless for Keith's appellate counsel to raise it.

may not review material outside of the record on appeal, *Lamar v. Marbury*, 431 N.E.2d 1028, 1031 (Ohio 1982), any attempt by Rampey's appellate counsel to raise the issue to the Fifth District would have been fruitless. As Rampey's counsel is not required to raise clearly losing issues on appeal, *Jones*, 463 U.S. at 751-53, the Court DENIES his fourth ground for relief based on his counsel's failure to challenge the imposition of a fine.

### 3. Failure to argue that the State knowingly used false testimony and maliciously prosecuted Rampey

Rampey argues that his appellate counsel was ineffective for failing to argue that the State knowingly used informant Holmes's false testimony and maliciously prosecuted Rampey. There is simply no evidence substantiating either of these claims, aside from Rampey's own uncorroborated assertions. Moreover, the fact that Rampey was convicted of all charges undercuts any argument that he was the victim of malicious prosecution. Accordingly, the Court DENIES Rampey's fourth ground for relief with respect to his remaining claims.

## III. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and **OVERRULES** Rampey's objections. Rampey's petition for writ of habeas corpus is **DISMISSED** with respect to the first ground for relief, **DISMISSED IN PART** and **DENIED IN PART** with respect to the second ground for relief, and **DENIED** with respect to the third and fourth grounds for relief.

**IT IS SO ORDERED**.

Dated: January 22, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**